FILED

IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
2014 JUN 12 CIVIL DIVISION

JEANNE LEE
KAREN KAYE KING-JOHNSON GARLAND CO. CIRCUIT CLERK

BY _____

|  |  |  |
|---|---|---|
| **Plaintiff,** | § | |
| | § | Civil Action No. _CV 14-799_ |
| VS. | § | $\mathcal{I}$ |
| | § | |
| PROFESSIONAL CREDIT | § | |
| MANAGEMENT, INC. | § | |
| **Defendant**. | § | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, Karen Kaye King-Johnson ("Mrs. Johnson" or "Plaintiff"), by and through undersigned counsel, and for her Complaint against the Defendant, Professional Credit Management, Inc. ("Defendant" or "PCM") and states as follows:

### I. INTRODUCTION

1.   Plaintiff asserts claims against Defendant for the willful and knowing violation of the Telephone Consumer Protection Act, 47 USC 227 ("the TCPA") and the Arkansas and Federal Fair Debt Collection Practices Acts, 15 USC § 1692 *et seq.* and § ACA § 17-24-501 *et seq.*, ("the FDCPA" and "the AR-FDCPA" respectively), and the Arkansas Deceptive Trade Practices Act, ACA 4-88-101 (ADTPA) and to seek and recover actual and statutory damages, injunctive relief, legal fees and expenses against Defendant.

### II. PARTIES

2.   Plaintiff is a natural person residing in Hot Springs, Garland County, Arkansas, and has resided there at all relevant times.

3.   Defendant is a domestic debt collector with a principal place of business located at 500 West Washington, Jonesboro, AR 72401 and which may be served through its registered agent, R. Bryant Marshall, who is located at the same address. Defendant is a "debt collector" as defined by the FDCPA and AR-FDCPA.

Complaint - Page 1

**Exhibit** A
**Page** 1 of 15

### III. JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to consider the claims in this Complaint pursuant to 28 U.S.C. § 1331, 1334 and 1337(a), 28 U.S.C. §§2201-2202.

5.     Venue in this District is proper because Defendant's offensive acts occurred in this District, and Plaintiff resides in Garland County, Arkansas, where she received the offensive calls. Defendant caused calls to be placed in this District to Plaintiff.

6.     The conduct complained of occurred in this District at all material times.

### IV. FACTUAL ALLEGATIONS

7.     The Plaintiff complains that Defendant called her cellular phone number numerous times from  telephone number 870-819-3218, a number that she did not recognize asking to speak to a Leslie Chadwick (sp?), and identifying the purpose of the call was to collect a debt.

8.     The Defendant's calls that were answered by the Plaintiff utilized an automated voice system that states that if the receiver of the call is not an individual named Leslie Chadwick (sp?) then they should hang up.

9.     It is noteworthy to point out that the receiver is not given the option to press a button if the receiver is not the intended subject of the call – the receiver is simply instructed to hang up. Absent the availability of caller ID on the receiver's phone, if the receiver follows the instructions given by the voice recording from telephone number 870-819-3218, the receiver never knows who is calling, how to contact the entity that keeps calling from 870-819-3218, and has no way to ever request that the unwanted calls stop.

10.     Indeed, according to the automated voice message, there is only one way to get any information about the caller, and that is to admit that the receiver is Leslie Chadwick (sp?), thus there is no information provided by the caller from 870-819-3218 to

Complaint - Page 2

**Exhibit**  A

**Page**  2  **of**  15

ever correct any potential error, and seemingly these unwanted calls would go on forever, unless the receiver takes some individual action or does not comply with the instructions to hang up if the receiver is not Leslie Chadwick (sp?).

11.    The Plaintiff has complied with the instructions given from the automated voice on the call; she has answered and has simply hung up the phone because she is not Leslie Chadwick (sp?). However, the calls keep coming.

12.    However, the owner of 870-819-3218 does not comply with its own instructions, for if the receiver does not answer the phone, the owner of 870-819-3218 will leave a message-- if the receiver pays for a phone recorder or voicemail services. That message is the rest of the recording that comes after the instruction for the receiver to hang up if the receiver is not Leslie Chadwick (sp?). Thus even though the receiver is ordered not to listen to any part of the recording if the receiver is not Leslie Chadwick (sp?), if the receiver does not answer, the owner of 870-819-3218 will leave the message that the receiver is told not to listen to unless the receiver is Leslie Chadwick (sp?)

13.    Notably, the some of calls received by Plaintiff no longer contain the instruction to hang up if she is not Leslie Chadwick (sp?). These calls indicate that there is an important message for Leslie Chadwick (sp?) and to press "9" for further information.

14.    To be clear, Defendant is calling the Plaintiff to collect a debt that Plaintiff does not owe.

15.    Defendant has intentionally harassed and abused Plaintiff making several calls with such frequency that it surpasses what could reasonably be deemed harassment particularly as the Defendant has failed to provide the Plaintiff with a mechanism to stop the calls. The calls have come while the Plaintiff was out of the United States thus increasing the cost of the cell phone calls to the Plaintiff, and have come while the Plaintiff was expecting emergency calls to get information about a critically ill friend.

**Exhibit**  A
**Page**  3  of  15

16.    Upon information and belief, each call that the Defendant made was made using an "automatic telephone dialing system".

17.    Upon information and belief, the Defendant is a "debt collector" as that term is defined in the FDCPA and AR-FDCPA.

18.    Upon information and belief, even though the alleged debt of Leslie Chadwick (sp?) is not owed by the Plaintiff, the Plaintiff believes that the debt being called on is a consumer debt as that term is defined by the FDCPA and AR-FDCPA.

19.    The Plaintiff is a consumer as that term is defined by the FDCPA and AR-FDCPA.

20.    Upon information and belief, the telephone system employed by the defendant, has the capacity to store and/or produce telephone numbers to be called with the use of a random or sequential number generator.

21.    Such system is used to dial cellular telephones as specified by 47 U.S.C. § 227(a)(1).

22.    Each call that was made to the Plaintiff's cell phone was made without the "express permission" of the Plaintiff. The Plaintiff does not know Leslie Chadwick (sp?), and has never given Leslie Chadwick (sp?) permission to use the Plaintiff's phone or phone number. In fact, the Plaintiff has had this particular cell phone number for many years, and has had the same cell phone carrier since 2010, and has never given Leslie Chadwick (sp?) permission to take any action concerning this phone number or this cell phone account.

23.    Upon information and belief, each call made to Plaintiff was made from a land based telephone located at Defendant's address.

24.    Upon information and belief, it is the Defendant's policy and procedure to use an automatic telephone system or a prerecorded or artificial voice, just as they did to the Plaintiff's cellular phone in this case, thereby leaving the Plaintiff no way to remove her number from the Defendant's call list.

Complaint - Page 4

**Exhibit** _____ A _____
**Page** __4__ of __15__

25.     By continuing to repeatedly and excessively call, such acts by the Defendant infers that the Defendant believes the Plaintiff is lying when she hangs up the phone as directed if she is not Leslie Chadwick (sp?). If the Defendant gives instructions to hang up if the receiver is not Leslie Chadwick (sp?), and the receiver then follows the instruction of the Defendant, but the Defendant thereafter has no procedures in place to investigate all calls wherein the receiver hangs up pursuant to the Defendant's own instructions, the Defendant's procedure is grossly negligent, and will obviously lead to the receiver continuing to get many unwanted calls from the Defendant, as has happened in this case.

26.     Moreover, because the Defendant has continued its calls to Plaintiff even though she has hung up per the Defendant's instructions, it is clear that the Defendant's phone system does not remove numbers from its call list when the receiver of a call hangs up.

27.     Some of the most recent calls received by Plaintiff offer Plaintiff no option as to what action is to be taken if she is not Leslie, thereby exacerbating the problem of Plaintiff having any meaningful option to notify the Defendant that she is not Leslie Chadwick (sp?) and to have her telephone number removed from the call list.

28.     The conduct of Defendant has proximately caused Plaintiff past and future monetary loss in her efforts to stop the unwanted and unlawful calls such as retaining an attorney, spending time with her counsel and providing documentation to support her claims, recording calls, and other damages that will be presented to the court.

29.     The acts and omissions complained of, herein, occurred during the statutory limitations period under the TCPA, the FDCPA, ADTPA and the AR-FDCPA.

30.     After a reasonable time for discovery, Plaintiff believes she will be able to show that all actions taken by Defendant at issue were performed maliciously, wantonly, recklessly, intentionally and with gross negligence, and/or willfully, and were done with either the desire to harm or harass the Plaintiff and/or with a complete disregard of the

**Exhibit** _____ A _____
**Page** ___ 5 ___ of __ 15 __

knowledge that its actions would very likely harm or harass the Plaintiff, and all other similarly situated persons, and/or that its actions were taken in violation of the law.

31.    After a reasonable time for discovery, Plaintiff believes she will be able to show that Defendant has engaged in a pattern and practice of wrongful, unlawful and harassing behavior such that the full measure of the statutory damages allowed under the TCPA should levied against Defendant in order to deter similar future conduct by the Defendant and similar companies.

## V.  GROUND FOR RELIEF - COUNT 1
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

32.    Plaintiff restates and incorporates all previous paragraphs as if set forth below word for word.

33.    In the last year preceding the filing of this Complaint, Defendant made and/or initiated a series of telephone calls to Plaintiff's cellular phone.

34.    Defendant made and/or initiated a series of telephone calls to the Plaintiff's cell phone on the following dates and times:

> a. 4:14 PM on May 7, 2014
>
> b. 11:29 AM on May 21, 2014
>
> c. 12:36 PM on April 25, 2014
>
> d. 7:45 PM on April 3, 2014
>
> e. 4:26 PM on March 20, 2014
>
> f. 8:36 AM on March 10, 2014
>
> g. 1:20 PM on February 26, 2014
>
> h. 3:27 PM on February 18, 2014;
>
> i. 2:53 PM on February 11, 2014;
>
> j. 3:53 PM on January 30, 2014;
>
> k. 9:27 AM on January 15, 2014;

Complaint - Page 6

**Exhibit** ___A___
**Page** _6_ of _15_

l. 3:09 PM on January 2, 2014;

m.  2:28 PM on December 16, 2013; and

n. 3:17 PM on December 2, 2013.

35.     The telephone calls were placed by Defendant's employees or agents.

36.     The telephone calls were initiated by an automatic dialing system.

37.     The telephone system utilized by Defendant to place the telephone calls has the capability to dial telephone numbers without human intervention.

38.   .  Defendant dialed the Plaintiff's cellular phone using its telephone system and without human intervention.

39.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq*, (the "TCPA"),  prohibits making "any call (other than a call made for emergency purposes or made with the prior express of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227 (b)(1)(A)(iii).

40.     The TCPA creates a private federal cause of action.  47 U.S.C. §227(b)(3).

41.     Plaintiff who prevails in an action for damages under the TCPA is entitled to the greater of actual damages or $500 for each violation, plus additional damages up to the greater of $1,500 or treble actual damages for each violation committed willfully or knowingly. 47 U.S.C. §227(b)(3).

41.     The actions of Defendant in this case in repeatedly calling Mrs. Johnson on her cellular phone violated the provisions of the TCPA for which Plaintiff seeks damages.

42.     Even if any of the calls did not connect to Plaintiff, personally, the attempt to make the call is still a violation. *See Manufacturers Auto Leasing, Inc. vs. Autoflex Leasing, Inc.* 139 S.W.3rd 342, 347 (Tex. App.–Fort Worth 2004, pet denied) (citing FCC Enforcement Action Letter in Case No. EB-00TC-001).

43.     The telephone calls were willfully placed.

Complaint - Page 7

44.    The telephone calls were knowingly placed.

45.    The telephone calls were not made for emergency purposes.

46.    Plaintiff did not give her prior express consent to be called using an artificial or pre-recorded voice or by use of an automatic dialing system.  Further, Plaintiff was given no means of effectively instructing Defendant to cease and desist contacting her by telephone.

47.    Defendant called Plaintiff's cellular phone at least 14 times, during the times at issue, attempting to collect a debt that was not owed by Plaintiff.

48.    The Telephone Calls were directed to Plaintiff's telephone number.

49.    Plaintiff did not authorize Defendant to call her on her cellular phone regarding any account; and, in fact, she has no account with or serviced by PCM.

50.    At all relevant times and during the limitations period, Defendant's employees and agents have knowingly or willfully violated the TCPA by: (1) placing at least 14 calls to Plaintiff's cellular phone; (2) using an automatic telephone dialer system; and/or (3) leaving an artificial or pre-recorded voice to deliver messages.

51.    The actions of Defendant at issue were willful and intentional because Plaintiff advised Defendant that she was not Leslie Chadwick (sp?) when she hung up the phone as directed.

52.    Despite receiving the type of notice embedded in its calling process, Defendant continued to make automatic telephone calls to Plaintiff's cellular phone, a willful and intentional violation of the TCPA.

53.    The calls adversely affect the privacy rights that the TCPA was intended to protect.

54.    Plaintiff states that she has suffered actual damages in that she is charged for outgoing and incoming calls from a land line, and for international calls.

Complaint - Page 8

**Exhibit** _____ A _____
**Page** ___ 8 ___ of _ 15 _

## VI. GROUND FOR RELIEF - COUNT 2
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

55.     Plaintiff restates and incorporates all previous paragraphs as if set forth below word for word.

56.     Upon information and belief, the Defendant has violated 15 USC § 1692 *et seq.* Defendant's violations include, but are not limited to, the following:

a.      violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt by repeatedly calling the Plaintiff to collect on a consumer debt that the Plaintiff does not owe;

b.      violating Title 15 U.S.C. § 1692d by engaging in conduct, that natural consequences of which, is to harass, oppress or abuse any person in connection with the collection of a debt – a debt that is not owed in this instance;

c.      violating 15 U.S.C. § 1692e and e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt;

d.      violating 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.  Generally, Defendants' actions as described in this complaint and delineated in sections (a) through (d) of this paragraph constitute unfair and unconscionable means to collect a debt.

57.     It should be noted that the law is well settled, the standard that should be employed when determining whether a debt collector has acted falsely, deceptively or misleadingly is from the perspective of the "least sophisticated consumer." *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 903 (D. Minn. 2000).  Such a standard "effectively serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors

Exhibit ___ A ___
Page ___ 9 ___ of ___ 15 ___

against liability for bizarre or idiosyncratic interpretation of collection notices." *Id*. (Quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

58.     In consideration of the foregoing and as a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for violations of the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees pursuant to 15 USC § 1692k.

## VII. GROUND FOR RELIEF - COUNT 3
## VIOLATION OF THE ARKANSAS FAIR DEBT COLLECTIONS PRACTICES ACT, ACA § 17-24-501 *et seq*. (AR-FDCPA)

59.     Plaintiff restates and incorporates all previous paragraphs as if set forth below word for word.

60.     Upon information and belief, Defendant has violated the Arkansas Fair Debt Collections Practices Act (hereinafter referred to as "AR-FDCPA") codified at ACA § 17-24-501 *et seq*.  Defendant's violations include, but are not limited to, the following:

a.     violating ACA § 17-24-506(a) by using false, deceptive, or misleading representations or means in connection with the collection of a debt by repeatedly calling the Plaintiff to collect on a consumer debt that the Plaintiff does not owe;

b.     violating ACA § 17-24-505(a) by engaging in conduct, the natural consequences of which, is to harass, oppress or abuse any person in connection with the collection of a debt – a debt that is not owed in this instance;

c.     violating ACA § 17-24-506(a) and (a)(10) by using *false, deceptive, or misleading* representations or means in connection with the collection of any debt;

d.     violating ACA § 17-24-507(a) by using unfair or unconscionable means to collect or attempt to collect the debt.  Generally, Defendant's actions as described in this complaint and delineated in sections (a) through (d) of this paragraph constitute unfair and unconscionable means to collect a debt.

Exhibit _____*A*_____

Page ___*10*___ of ___*15*___

61.     Again, the standard that should be employed when determining whether a debt collector has acted falsely, deceptively or misleadingly is from the perspective of the "least sophisticated consumer.

62.     In consideration of the foregoing and as a result of the above violations of the AR-FDCPA, Defendant is liable to the Plaintiff for violations of the AR-FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees pursuant to ACA § 17-24-512.

63.     Plaintiff has complied with all conditions precedent to bring this action.

### VIII. GROUND FOR RELIEF - COUNT 4
### VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT,
### ACA § 4-88-101 (ADTPA)

64.     Plaintiff restates and incorporates all previous paragraphs as if set forth below word for word.

65.     Upon information and belief, Defendant PCM has violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq by, engaging in unconscionable, false and/or deceptive practices by repeatedly calling the Plaintiff but leaving her no way to indicate that she is not the individual who owes the debt sought to be collected.

66.     Indeed, the calls either advise the Plaintiff to either hang up or press the 9 key or otherwise hang up.  Not a single call to the Plaintiff's number has resulted in a positive connection between a PCM representative and the Plaintiff thus indicating that the number is not a good number – yet the calls keep coming.

67.     Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade pursuant to Ark Code. Ann. §4-88-107(10) constitutes a judiciable act.

68.     The acts, omissions and knowledge of PCM as described in each and every paragraph of this complaint constitute unconscionable, false and deceptive acts.

Complaint - Page 11

Exhibit ____ A ____

Page ____ 11 ____ of __ 15 __

69.     As a result of the above violations of the ADPTA, the Plaintiff has suffered damages including, but not limited to, charges on her cellular phone bill for converting voice messages left by Defendant to text messages.

70.     The Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages and reasonable attorney's fees.

WHEREFORE, Plaintiff prays that this Court:

A.      Enter judgment in favor of Plaintiff and against Defendant for statutory damages in the amount of $1500.00 per telephone call made by Defendant as described above and/or proven at a trial on this matter and actual damages for Defendant's violation of the TCPA, whichever is greater;

B.      Enter judgment in favor of Plaintiff and against Defendant for statutory damages in the amount of $1000.00 for the violations of the FDCPA, as described above and/or proven at a trial on this matter, together with costs and actual attorneys' fees;

C.      Enter judgment in favor of Plaintiff and against Defendant for statutory damages in the amount of $1000.00 for the violations of the AR-FDCPA, as described above and/or proven at a trial on this matter, together with costs and actual attorneys' fees;

D.      Enter judgment in favor of the Plaintiff and against the Defendant for actual damages and a reasonable attorneys' fee for violations of the ADTPA;

E.      Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

F.      Grant such other and further relief, in law or equity, to which Plaintiff might show herself justly entitled.

Respectfully submitted,
Karen Kaye King-Johnson
Plaintiff

/s/ Joel G. Hargis
Joel G. Hargis, esq. (Bar # 2004-007)
Joel G. Hargis, PA

Complaint - Page 12

**Exhibit** _A_
**Page** _12_ **of** _15_

Attorney for the Plaintiff
533 W. Washington
Jonesboro, AR.  72401
(870) 972-1127 Phone
(870) 972-1787 Fax
joel@crawleydeloache.com

/s/ Annabelle Lee Patterson
Annabelle Patterson, ABN 85204
Annabelle Lee Patterson, PLC
646 Quapaw Ave.
Hot Springs, AR. 71901
(501) 701-0027 Phone
(972) 559-3956 Fax
ab@apattersonlaw.com


Kathy A. Cruz, Attorney for Defendants
Arkansas Bar ID No. 87079
tHE CRUZ LAW FIRm
1325 Central Avenue
Hot Springs, AR 71901
501-624-3600 (telephone)
501-624-1150 (facsimile)
kathycruzlaw@gmail.com

Complaint - Page 13

STATE OF ARKANSAS )
)SS
COUNTY OF GARLAND )

## **VERIFICATION**

I, Karen Kaye King-Johnson, hereby state on oath that I have read the above and foregoing Verified Complaint, and that the facts and matters contained therein are true and correct to the best of my knowledge, information, and belief.

KAREN KAYE KING-JOHNSON, Plaintiff

SUBSCRIBED AND SWORN to before me, a Notary Public on this 10th day of June, 2014.

Notary Public

My Commission Expires:

Sept. 9, 2018

Shena Dyer
HOT SPRING COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires September 09, 2018
Commission No. 12368820

Complaint - Page 14

**Exhibit** A
**Page** 14 of 15

## IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
## CIVIL DIVISION

KAREN KAYE KING-JOHNSON,                    **Plaintiff**

vs.            Case Number: CV 14- *799 I*

PROFESSIONAL CREDIT MANAGEMENT, INC.      **DEFENDANT**

THE STATE OF ARKANSAS TO DEFENDANT:      **PROFESSIONAL CREDIT MANAGEMENT, INC., C/O R. BRYANT MARSHALL, REGISTERED AGENT 500 WEST WASHINGTON JONESBORO, AR 72401**

### SUMMONS

     1.  You are hereby notified that a lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within **30** days after service of this Summons on you (not counting the day you received it) - or **60** days if you are incarcerated in any jail, penetentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

     2. The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff's attorneys:  Kathy A. Cruz, 1325 Central Avenue, Hot Springs, AR 71901, Joel G. Hargis, 533 W. Washington, Jonesboro, AR 72401, Annabelle L. Patterson, 646 Quapaw, Hot Springs, AR 71901.

     3. If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

     4. Additional documents served with this Summons and Complaint are:

Witness my hand and the seal of the court this ___ 10 / 12 / 14 ___.
                                        (date)

Address of Clerk's Office:
Jeannie Pike, Circuit Clerk
501 Ouachita Ave., Rm. 207
Hot Springs, AR 71901

___ Seal                                        Clerk

Exhibit ___ A ___
Page ___ 15 ___ of ___ 15 ___